**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 1 7 2021

**TAMMY H. DOWNS, CLERK**
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT COURT OF ARKANSAS
## CENTRAL DIVISION

This case assigned to District Judge __Moody__
and to Magistrate Judge____Volpe____

CHILANDA KAY YANCY, Individually and as the Mother of ;
MARLON LANEIR WATKINS, Deceased Individual,          ;
  And as Representative of the ESTATE of MARLON     ;
    LANEIR WATKINS                               ;
      **PLAINTIFF**                           ;
                    ;

**vs.**      **CIVIL ACTION CASE NO.: 4:21-cv-00826-JM**   **COMPLAINT**
                    ;
                    ;

SHERIFF ED GONZALEZ, Individually and in his OFFICIAL;
CAPACITY AS Sheriff of HARRIS COUNTY, TEXAS          ;
and    THE HARRIS COUNTY GOVERNMENT and            ;
THE HARRIS COUNTY SHERRIFF'S OFFICE and              ;
G.H. DAVILA, Officer # S27609 and JOHN DOE, Owner of ;
Vehicle that struck and killed Marlon Watkins        ; **JURY TRIAL DEMANDED**
                    ;

           **DEFENDANT(s)**         ;

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES the Plaintiff CHILANDA KAY YANCY, Individually and Plaintiff by and

through her attorney, Marcus C. Devine, Devine Legal Services, as personal representative of the

Estate of Marlon Laneir Watkins, deceased, *Pulaski County, Arkansas Probate Case No. 60 PR-*

*2021-1953,* complaining about the actions of the Defendants, more specifically, the Harris County

Sherriff's Office and Sheriff Ed Gonzales, individually and in his official capacity as Sheriff and

Harris County Sheriff's Officer G.H. Davila and for her cause of action against the Defendant(s)

herein alleges and states for her Complaint:

## 1.      **NATURE OF THE ACTION**

1. This Action is brought by the Plaintiff against the Defendant(s), the Harris County
   Government, the Harris County Sherriff's Office, Harris County Sheriff's Office Officer
   G.H. Davila, Badge #S27609 and Sheriff Ed Gonzalez, Individually and in his official
   capacity as Sherriff of Harris County for the use of excessive force and the reckless and
   cavalier use of force that led to the death of Marlon Laneir Watkins ( also "Watkins") and
   John Doe, the owner of the vehicle that struck and killed Mr. Marlon Laneir Watkins after he
   was tased and then chased by the Harris County Sherriff's Office Officer G.H. Davila and/or
   others.  This wrongful death occurred under color of law in violation of Watkins' rights
   under the Fourth Amendment of the United States Constitution and in violation of his civil
   rights pursuant to 42 U.S.C. § 1983.

2. Plaintiff alleges that Harris County and the Sherriff of the Harris County Sherriff's Office
   and its policymakers, specifically Sherriff Ed Gonzalez (collectively referred to as the
   'Policymakers') failed to properly train, supervise, screen, discipline, transfer, counsel or
   otherwise control officers who are known to engage in the use of excessive force and/or
   deadly force.  The Policymakers, specifically Harris County Government and the Harris
   County Sherriff's Office and Harris County Sheriff Ed Gonzalez had a duty but failed to
   implement and/or enforce policies practices and procedures for the Harris County Sherriff's
   Office that respected Marlon Laneir Watkins' constitutional rights. Defendant Harris County
   and the Harris County Sheriff's Office and Sheriff Ed Gonzales' failure to adequately
   supervise  and discipline their officers, including and not limited to Officer G.H. Davila,
   implement necessary policies, their unconscionable and cruel failure to communicate with

the grieving family of Marlon Laneir Watkins about his death and the circumstances surrounding his death and their callous and indifferent failure to provide the name of the owner of the vehicle that struck Marlon Laneir Watkins caused unwarranted and excruciating mental anguish to the family of Marlon Laneir Watkins in addition to the physical pain and anguish suffered by Marlon Laneir Watkins as he lay dying in the street after being tased repeatedly and then struck by a vehicle. The policymakers compounded the harm by unnecessarily and deceptively shielding information and bodycam footage of the police encounter from the family of Marlon Laneir Watkins, ostensibly because of an "ongoing police investigation" while never completing or divulging the results of said investigation. Even on the date and at the time that this complaint is being filed, **over 150 days after** the police encounter and the death of Marlon Laneir Watkins, the family has still not been told or shown the circumstances around Marlon Laneir Watkins' death. This behavior and these actions were cruel and callous and unacceptable and offensive and *WOULD NOT* have occurred if the decedent was Sherriff Gonzales' son or a County Commissioner's son. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks answers and the truth and compensation for damages and the wrongful death of Marlon Laneir Watkins.

## II.     **PARTIES**

3.  Plaintiff Chilanda Kay Yancy is a person of majority age and a resident of Pulaski, County Arkansas. Chilanda Yancy is the mother of unmarried Marlon Laneir Watkins, who was raised in North Little Rock, Arkansas and was a recent and new transplant to Harris County, Texas. Ms. Yancy sues on behalf of herself and as personal representative of the Estate of Marlon Laneir Watkins, deceased.

4. Defendant Ed Gonzales is Sheriff of Harris County. He may be served at 1200 Baker Street, Houston, Texas 77002 or wherever he may be found. Defendant G.H. Davila, Badge number S27609, is an officer of the Harris County Sheriff's Office and may be served at 1200 Baker Street, Houston, Texas 77002 or wherever he may be found. Defendant Harris County is a subdivision of Texas government which operates the Harris County Sheriff's Office. Harris County Judge is Lina Hidalgo and she may be served at 1001 Preston, Suite 911, Houston, Texas 77002. *Due to Covid19 emergency, Legal counsel to County Judge Lina Hidalgo is now accepting service of process via email to* CJOservice@cjo.hctx.net. She may also be served wherever she may be found. As yet, the Harris County Sheriff's Office has callously shielded from our view the identity and insurer for the identity of the owner of the vehicle that struck and killed Marlon Laneir Watkins on March 24, 2021, as such we will refer to that individual as John Doe.

### III.    **JURSIDICTION AND VENUE**

5. Jurisdiction exists for this proceeding in this Court pursuant to 28 USC §1331 and §1332 and §1343 as this action is brought under, *inter alia*, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, to redress deprivation of rights, privileges  and immunities guaranteed to decedent Marlon Laneir Watkins, by constitutional and statutory provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C § 1367 to adjudicate potential pendent claims arising under the laws of the State of Texas or Arkansas.

6. Jurisdiction and venue are proper in this court pursuant to diversity jurisdiction and the fact that Chilanda Kay Yancy is a citizen of the United States and a resident of Arkansas and the Defendant(s) are residents of the State of Texas and a political subdivision of the State of

Texas.

## IV.   **FACTS**

7. At a little afternoon on Wednesday, March 24, 2021, Marlon Laneir Watkins had an argument with a young lady named Avery Chavaria at his home at the 5700 blk of Greenhouse Road in Katy, Texas 77449. (See Attachment "A"). The Harris County Sheriff's Office Officers were dispatched and responded to the scene. Quickly thereon, the Harris County Sheriff's Officer G.H Davila engaged in an altercation with Marlon Laneir Watkins. He was subsequently tased and then pursued him into the street where he was struck and killed by a vehicle owned by a John Doe (fictitious name, the Plaintiff still has not been made aware of the owner or liability insurer of the vehicle that struck and killed Marlon Laneir Watkins). The Plaintiff has also not been shown the body camera footage or dash camera footage of the entire deadly incident.

8. After the Harris County Officer(s) tased and chased of Marlon Laneir Watkins, he was struck by a vehicle and died. The death certificate reflects the cause of death for Marlon Laneir Watkins as multiple blunt force trauma. (See Attachment "B").

9. The Plaintiff paid for the funeral and funeral expenses for the interment of Marlon Laneir Watkins. (See Attachment "C").

10. The Plaintiff was also presented with a medical bill for medical services performed for and on behalf of Marlon Laneir Watkins. (See attachment 'D").

11. A domestic disturbance call should not result in death from the interaction with police. The Harris County Sheriff's Officer G.H. Davila acting under color of law tased and then chased Mr. Watkins into oncoming traffic.

12. There is no evidence that Mr. Watkins or anyone else was in danger of imminent death or

great bodily harm when the Harris County Officers arrived on the scene. We have no evidence that Mr. Watkins posed any risk to anyone when he was tased and chased into oncoming traffic. Defendants' lack of training offerings and official customs and procedures led directly to Harris County Officer G.H. Davila's unlawful and unwarranted acts. As a direct and proximate result of the Defendant's conduct, the Plaintiff has sustained substantial damages and extensive pecuniary loss. Mr. Watkins was thirty (30) years old when he was killed on March 24, 2021 and was a talented young man and a young man whose life had promise and potential. He was in good health, with a reasonable life expectancy of living another 55 years to an age of 85 years old. Mr. Watkins life ended in a tragic and violent manner. He leaves Chilanda Kay Yancy to cherish his memory.

13. During his lifetime, Marlon Watkins was industrious and energetic and a great son. He performed numerous and usual tasks in/about the family residence in Sherwood and gave advice, counsel, comfort, care and protection to his mother and family. In all reasonable probability and likelihood, he would have continued all of these actions and behaviors. Marlon Watkins wanted to better his life and pursue his lifelong dreams.

14. Marlon's mother suffered pecuniary loss from the death of her son by virtue of the destruction of the parent-child relationship, including the right to love, affection, solace, comfort, companionship, society, emotional support and happiness. His mother has suffered and will suffer anguish, grief and sorrow as a result of her son's death and is likely to suffer for a long time in the future. For these losses, the Plaintiff seeks damages in a sum in excess of the minimum jurisdictional limits of this Court.

15. Upon information and belief, the Harris County Sheriff's Office has not implemented policies and procedures to aggressively curtail death and/or injuries as a result of the

improper use of deadly force and have not disciplined officers involved in the cover up of a crime.

## **EXCESSIVE FORCE BY DEFENDANT(s) (Individually and in their official capacity)**
### **COUNT I- 42 U.S.C. § 1983**

16. Plaintiff incorporates by reference paragraphs 1 through 15 as if fully set forth herein. The Plaintiff will show that Defendant Davila's actions on the occasion in question were wrongful, malicious and reckless in depriving Watkins of his constitutional rights, as alleged more fully below.

17. Plaintiff will show that at all times material hereto, Defendant Davila had a duty to avoid infliction of unjustified bodily injury to Marlon Watkins, to protect his bodily integrity and to not trample on his constitutional rights.

18. Plaintiff will show that Defendant Davila failed to act as a reasonable officer would have acted in the same or similar circumstances. That is, Defendant Davila, without justification or need to do so, used excessive force as described above that led to the killing of Marlon Watkins without legal justification. Watkins did not pose an immediate threat to the safety of Defendant Davila or others at the time that he was tased and chased into oncoming traffic.

19. Defendant Davila was not provoked when he tased Marlon Watkins. Watkins then reasonably and unremarkably fled from the tasing officer. In his flight, he was immediately struck by a vehicle owned by separate Defendant John Doe and died. The excessive force used by the Defendants was not reasonable or justified nor was it necessary under the circumstances.

20. Defendant Davila's actions were not objectively reasonable because he followed a procedure

from his superiors designed to inflict excessive and deadly force in restraining individuals in non-life-threatening situations.

21. Plaintiff will show that Defendant Davila denied Marlon Watkins his right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

22. The force used by Defendant Davila was unnecessary, excessive and unreasonable under the circumstances, as Marlon Watkins did not pose an immediate threat to the safety of Defendant Davila or others and the use of such excessive force was wholly unnecessary. Defendant Davila embarked on a willful, malicious, reckless and outrageous course of conduct that was intended to cause and in fact, caused Marlon Watkins to suffer extreme and severe mental and emotional distress, agony and anxiety.

23. As a result of these Constitutional violations to Marlon Watkins and the injuries that he sustained, Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "damages".

## **FAILURE TO TRAIN BY THE HARRIS COUNTY SHERIFF"S OFFICE**
## **COUNT II- 42 U.S.C. § 1983**

24. Plaintiff incorporates by reference paragraphs 1 through 23 as if fully set forth herein. Prior to March 24, 2021, the Harris County Sheriff's Office knew or should have known that Defendant Davila exhibited a pattern of escalating encounters with the public.

25. Defendant Davila and other officers at the scene of the incident were acting under color of law and acting pursuant to the customs, practices and policies of the Harris County Sheriff's Office regarding the use of force as authorized and/or ratified by the Policymakers, specifically the Harris county government, the Harris County Sheriff's Office and Sheriff Ed

Gonzales. Marlon Watkins was deprived of the rights and privileges secured to him by the United States Constitution and by other laws of the United States and by the Harris County Sheriff's office failing to provide proper training, adequate supervision or discipline in dealing with individuals such as Marlon Watkins in violation of 42 U.S.C. § 1983 and related provisions of federal law and in violation of the above cited provisions.

26. With respect to the claims made as the basis for this lawsuit, the Harris County Sheriff's Office and the government of Harris County and Sheriff Ed Gonzales failed to adequately train their officers on how to deal with individuals and the subsequent use of force. The failure to train their officers in relevant respect reflects a deliberate indifference to the Policymakers' obligation to preserve and protect the rights of the inhabitants and guests of Harris County and is actionable under 42 U.S.C. § 1983.

27. Defendant Harris County government and Harris County Sheriff's Office under the direction of Sheriff Ed Gonzales developed and maintained a policy of deficient training of its police force in the proper and appropriate use of force. The Harris County Sheriff's Office training regimen was designed and implemented under Sheriff Ed Gonzales under the auspices of Harris County government.

28. The Policymakers failure to provide adequate training to its officers on how to deal with individuals and the subsequent use of force reflect deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious and expected risks that officers would use excessive force on citizens and guests of Harris County and therefore made violations of Marlon Watkins' constitutional rights, including his death, a reasonable probability.

29. Plaintiff will show that Defendant Davila's actions were the result of, or within the scope of,

wrongful and reckless customs, policies, practices and/or procedures for which the Harris County Sheriff's Office, Harris County government and Harris County Sheriff Ed Gonzales knew or should have known but never adequately provided the requisite and proper training to curtail.

30. The Harris County Sheriff's Office and Harris County Sheriff Ed Gonzales and Harris County government's failure to properly train and discipline its officers was the proximate cause of the violations of Marlon Watkins' constitutional rights.

## FAILURE TO ADEQUATELY SUPERVISE OR DISCIPLINE AND RATIFICATION CLAIM

### COUNT III

31. Plaintiff incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32. On Plaintiff's governmental liability claim against the Harris County government and the Harris County Sheriff's Office for failing to supervise or discipline its officers for prior violations and the resulting lack of supervision:

   a.     The Harris County Sheriff's Office and the Harris County government failed to adequately supervise its employees in handling usual and recurring situations with which they deal;

   b.     The Harris County Sheriff's Office was deliberately indifferent to the need to supervise and/or discipline its officers and/or employees adequately; and

   c.     The failure to adequately supervise and/or discipline its officers proximately caused a deprivation of Marlon Watkins' constitutional rights.

33. As a direct and proximate result of the Harris County government's and the Harris County Sheriff's Office's failure to adequately supervise or discipline its officers, the Plaintiff has suffered damages.

## PUNITIVE/EXEMPLARY DAMAGES

34. Plaintiff incorporates by reference paragraphs 1 through 33  as if fully set forth herein. Additionally, and in the alternative, the conduct of Defendant Davila and Defendant Gonzales were done with malice.  As such, Plaintiff requests punitive and exemplary damages to deter this type of conduct in the future.  Such heedless and reckless disregard for Marlon Watkins' rights, safety and welfare was more than momentary thoughtlessness, inadvertence or misjudgment it was willful and indifferent.  The willful and shameful refusal to inform a grieving family of any details about the violent and bloody death of their loved one and to instead cloak the matter around a non-existent "on-going criminal investigation" to prevent disclosure was horrific.  Such unconscionable conduct goes beyond ordinary negligence,  and as such, the Plaintiff requests punitive and exemplary damages be awarded against Defendant Davila and Defendant Sheriff Ed Gonzales in a sum which is within the jurisdictional limits of this Court.

## SURVIVAL ACTION

35. Plaintiff incorporates by reference paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff Chilanda Kay Yancy is the representative for the Estate of Marlon Laneir Watkins, Jr.

37. Marlon Watkins died as a result of the Defendants' wrongful conduct.

38. Mr. Watkins would have been entitled to bring this action against the Defendants if he had lived.

39.  The Decedent's right of action for the wrongful conduct against the Defendants survive in favor of heirs, legal representatives and the Estate of the deceased.

40. Defendants are liable to Plaintiff for the loss of Marlon Watkins life, pain and suffering and

the violation(s) of his civil rights. Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages".

## WRONGFUL DEATH

41. The Plaintiff incorporates by reference the information contained in paragraphs 1 through 40 as if fully set forth herein.

42. By reason of Defendant Davila's wrongful conduct and John Doe's striking with his vehicle and killing Marlon Watkins, the Defendants are liable for damages.

43. Defendant Davila's conduct and the striking of Mr. Watkins by the vehicle owned and driven by John Doe caused Watkins' death was the producing cause of Watkins' injuries which resulted in the following damages: loss of family relationships, love, support, services, emotional pain and suffering and for their acts and those of Defendant Sheriff Ed Gonzalez of the infliction of emotional distress caused by the wrongful killing of Marlon Watkins and the subsequent obfuscation of the facts surrounding his killing.

44. The Plaintiff seeks compensation as set forth more specifically in the section of this Complaint entitled "Damages".

## DAMAGES ALL DEFENDANTS

45. The Plaintiff incorporates by reference paragraphs 1 through 44 as if fully set forth herein. Defendants' acts and/or omissions were the proximate cause of the following injuries suffered by the Plaintiff and the Decedent:

   a.   Actual damages;

   b.   Loss of affection, comfort, financial assistance, protection and care;

   c.   Pain and suffering and mental anguish suffered by Marlon Watkins immediately

prior to his death;

d.     Mental anguish and emotional distress suffered by the Plaintiff;

e.     Loss of quality of life;

f.     Funeral and burial expenses;

g.     Loss of service;

h.     Medical bills;

i.     Loss of future earnings and contributions to Plaintiff;

j.     Exemplary and punitive damages as well as court costs;

k.     Pursuant to 42 U.S.C. §1988 and other applicable laws, Plaintiff should be awarded reasonable attorney's fees for the preparation and trial of this cause(s) of action and for its appeal, if required;

l.     Prejudgment interest; and

m.     Post judgment interest.

46. **The Plaintiff seeks total damages of fifteen million dollars ($15,000,000.00).**

## COSTS AND ATTORNEY FEES

47. The Plaintiff incorporates by reference paragraphs 1 through 46 as if fully set forth herein. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988(b).  As such, Plaintiff requests that this Court award costs and attorney fees incurred in Plaintiff's prosecution of this litigation.

## JOINT AND SEVERAL LIABILITY

48. Plaintiff incorporates by reference paragraphs 1 through 47 as if fully set forth herein.

Plaintiff will show that the Defendants were jointly and severally liable for the gross negligence and intentional acts specified above that were the proximate cause of the Plaintiff's injuries.

## CONDITIONS PRECEDENT

49. Plaintiff reserves the right to plead and prove the damages to which they are entitled to at the time of trial.  All conditions to Plaintiff's recovery have been performed or have occurred.

## TRIAL BY JURY

50. Plaintiff demands a trial by jury upon all issues.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon final trial hereof, the Plaintiff has and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of Court; and such other relief, both general and special, at law and equity, to which the Plaintiff is justly entitled.

Respectfully Submitted,

DEVINE LEGAL SERVICES

By:

Marcus Devine (98-097)
Attorney for Plaintiff, Chilanda Kay Yancy, Personal Representative for the Estate of Marlon Laneir Watkins Jr., deceased
Devine Legal Services
421 Fern Avenue
Little Rock, Arkansas 72205
(479) 402-0575
marcdevine612@icloud.com

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT COURT OF ARKANSAS
## CENTRAL DIVISION

**CHILANDA KAY YANCY, Individually and as the Mother of ;**
**MARLON LANEIR WATKINS, Deceased Individual,      ;**
**And as Representative of the ESTATE of MARLON     ;**
    **LANEIR WATKINS**                                 ;
                 **PLAINTIFF**               ;
                                    ;
                                    ;

**vs.**        **CIVIL ACTION CASE NO.:**      ;      **COMPLAINT**
                                    ;
                                    ;

**SHERIFF ED GONZALEZ, Individually and in his OFFICIAL;**
**CAPACITY AS Sherriff of HARRIS COUNTY, TEXAS       ;**
**and   THE HARRIS COUNTY GOVERNMENT and        ;**
**THE HARRIS COUNTY SHERRIFF'S OFFICE and            ;**
**G.H. DAVILA, Officer # S27609 and JOHN DOE, Owner of ;**
**Vehicle that struck and killed Marlon Watkins      ; JURY TRIAL DEMANDED**
                                    ;
               **DEFENDANT(s)**        ;

## PROOF OF SERVICE

I, Marcus C. Devine and the Plaintiff's Attorney of Record in this lawsuit and I served the summons and complaint on the Defendants, pursuant to Rule 4 of the North Carolina Rules of Civil Procedure via (               ) by certified mail, return receipt requested, restricted delivery as shown by the attached signed return receipt.

                                   Marcus C. Devine
                                   DEVINE LEGAL SERVICES

                                   By:

                                   Marcus Devine (98-097)
                                   Attorney for Plaintiff
                                   Devine Legal Services
                                   421 fern Avenue
                                   Little Rock, Arkansas 72205
                                   (479) 402-0575

Devine Legal Services
Marcus C. Devine
421 Fern Avenue
Little Rock, AR 72205
479.402.0575
marcdevine612@icloud.com

September 3, 2021

**A**

# INCIDENT REPORT
## PUBLIC COPY

| | |
|---|---|
| Agency Name | |
| *Harris County Sheriff's Office* | |

Case# **2103-09341**

| | |
|---|---|
| Date / Time Reported | **03/24/2021   12:38  Wed** |
| Last Known Secure | **03/24/2021   12:37  Wed** |
| At Found | **03/24/2021   12:38  Wed** |

**INCIDENT DATA**

| ORI | |
|---|---|
| | *TX1010000* |

| Location of Incident | | Gang Relat | Premise Type | | Beat/ConstDist |
|---|---|---|---|---|---|
| *5700-BLK Greenhouse Rd, Katy TX 77449* | | NO | *Residence/home* | | D021, 501 |

| # | Crime Incident(s) | (Com) | Weapon / Tools | | | Activity |
|---|---|---|---|---|---|---|
| #1 | Agg Assault Family/house Member | (Com) | *Asphyxiation* | | | |
| | PC 22.01 FAM AGG ASSLT | | Entry | Exit | Security | |
| #2 | Crime Incident | ( ) | Weapon / Tools | | | Activity |
| | | | Entry | Exit | Security | |
| #3 | Crime Incident | ( ) | Weapon / Tools | | | Activity |
| | | | Entry | Exit | Security | |

| MO | |
|---|---|

**VICTIM**

| # of Victims | *1* | Type: INDIVIDUAL | | Injury: Unconsciousness | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|

| | Victim/Business Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| V1 | *CHAVARIA, AVERY* | *1,* | Age *19* | *W* | *F* | *1BG* | *Resident* | |

| Home Address | | | | | | Home Phone |
|---|---|---|---|---|---|---|

| Employer Name/Address | | | Business Phone | Mobile Phone |
|---|---|---|---|---|

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|

**OTHERS INVOLVED**

CODES:  V- Victim (Denote V2, V3)   O = Owner (if other than victim)      R = Reporting Person (if other than victim)

| Type: | | | | | Injury: | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Code | Name (Last, First, Middle) | | | | Victim of Crime # | DOB Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |

| Home Address | | | | | | Home Phone |
|---|---|---|---|---|---|---|

| Employer Name/Address | | | Business Phone | Mobile Phone |
|---|---|---|---|---|

| Type: | | | | | Injury: | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Code | Name (Last, First, Middle) | | | | Victim of Crime # | DOB Age | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |

| Home Address | | | | | | Home Phone |
|---|---|---|---|---|---|---|

| Employer Name/Address | | | Business Phone | Mobile Phone |
|---|---|---|---|---|

**PROPERTY**

1 = None   2 = Burned   3 = Counterfeit / Forged   4 = Damaged / Vandalized   5 = Recovered   6 = Seized   7 = Stolen  8 = Unknown
("OJ" = Recovered for Other Jurisdiction)

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

| Officer/ID# | *DAVILA, G. H. (D4PT, DAYS) (S27609)* | | |
|---|---|---|---|
| Invest ID# | *FERRELL, J. T. (GINV, HOM) (S00502)* | Supervisor | *MIKEL, P. A. (D4PT, DAYS) (S27359)* |

| Status | Complainant Signature | Case Status *Active* | *03/24/2021* | Case Disposition: | Page 1 |
|---|---|---|---|---|---|

| R_CS1TBR | Printed By: KASTULL, | Sys#: 2724714 | 06/10/2021 08:29 |
|---|---|---|---|

# Incident Report Additional Name List



*Harris County Sheriff's Office*

OCA: *2103-09341*

Additional Name List

| | Name Code/# | Name (Last, First, Middle) | Victim of Crime # | DOB | Age | Race | Sex |
|---|---|---|---|---|---|---|---|
| **1** | | | | | | | |
| **2** | | | | | | | |

## INCIDENT/INVESTIGATION REPORT

*Harris County Sheriff's Office*

Case # *2103-09341*

| Status Codes | 1 = None | 2 = Burned | 3 = Counterfeit / Forged | 4 = Damaged / Vandalized | 5 = Recovered | 6 = Seized | 7 = Stolen | 8 = Unknown |
|---|---|---|---|---|---|---|---|---|

| | IBR | Status | Quantity | Type Measure | Suspected Type | Up to 3 types of activity |
|---|---|---|---|---|---|---|
| D | | | | | | |
| R | | | | | | |
| U | | | | | | |
| G | | | | | | |
| S | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Assisting Officers

GILLILAND, T. (S27167), SHELTON, T.R. (S14044), HERRING, P.M. (S28140), COLEMAN, D.W. (S27584), FRAZIER, B. (S15470), FRAZIER, B. (S15470), SATTERFIELD, J.L. (S28006), ANDRADE, A.L. (S00433), BAILEY-TILLMAN, D.T. (S29531), BAILEY-TILLMAN, D.T. (S29531), OLAGUNJU, A.E. (S29208), ELIZONDO, N.O. (S28106), BELL, J.J. (S28721), WATERS, S.C. (S00272), RODRIGUEZ, R. (S29620), MOOK, C.A. (S27939), MOOK, C.A. (S27939), BALAEI, S.J. (S29626), ESPINOZA, E.A. (S28776), ESPINOZA, E.A. (S28776), EDWARDS III, C.R. (S29629), SCHIELDS, R.R. (S27124), BRAWNER, B.A. (S16530), VININGRE, J.B. (S15002), MIKEL, P.A. (S27359), MURPHY, M.T. (S16243), PERKINS, C.W. (S27332), MCCONNELL, A.A. (S16931), GARCIA, V. (S00565), GARCIA, V. (S00565), WOELK, S.M. (S26808), CHENG, S.C. (S26977), CHENG, S.C. (S26977), CABRERA, J.R. (S26310), JACKSON, T.L. (S27974), AMAD, M.W. (S00090), VILLARREAL, J.J. (S27983), CAMPOS, S.R. (S00773), VERA, A. (S15124), WYATT, W.W. (S16325), BROWN, J.M. (S27191), KIRKLEY, T. (S27030), KIRKLEY, T. (S27030), DAVIS, C.J. (S00924), KATRIB, B. (S27745)

Suspect Hate / Bias Motivated: *NONE (NO BIAS)*

## INCIDENT/INVESTIGATION REPORT

Narr. (cont.) OCA: 2103-09341        *Harris County Sheriff's Office*

NARRATIVE

complainant was assaulted by a known suspect who evaded and was struck by a vehicle.

PRELIMINARY REPORT BY STATE OF TEXAS USED FOR 2021405

# CERTIFICATION OF VITAL RECORD

## CITY OF HOUSTON

EXHIBIT

**B**

TEXAS DEPARTMENT OF STATE HEALTH SERVICES - VITAL STATISTICS
Apr 02 2021

**STATE OF TEXAS** — **CERTIFICATE OF DEATH** — **STATE FILE NUMBER** 142-21-068338

| 1. LEGAL NAME OF DECEASED (Include XXX's, II and III's, Initials, Last) | | | | 2. DATE OF DEATH - ACTUAL OR PRESUMED (mm-dd-yyyy) |
|---|---|---|---|---|
| MARLON LANEIR WATKINS JR. | | | | MARCH 24, 2021 |

| 3. SEX | 4. DATE OF BIRTH (mm-dd-yyyy) | 5. AGE-Last Birthday (Years) | If UNDER 1 YR | If UNDER 1 DAY | 6. BIRTHPLACE (City & State or Foreign Country) |
|---|---|---|---|---|---|
| MALE | SEPTEMBER 8, 1990 | 30 | Mo | Days | Hours | Min | LITTLE ROCK, AR |

| 7. SOCIAL SECURITY NUMBER | 8. MARITAL STATUS AT TIME OF DEATH | 9. SURVIVING SPOUSE'S NAME (if spouse, give name prior to first marriage) |
|---|---|---|
| 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 | ☐ Married ☐ Widowed (and not remarried) ☐ Divorced (and not remarried) ☒ Never Married | |

| 10a. RESIDENCE STREET ADDRESS | | | 10b. APT. NO. | 10c. CITY OR TOWN |
|---|---|---|---|---|
| 3408 MEADOW CREEK DR | | | | BRYANT |

| 10d. COUNTY | 10e. STATE | 10f. ZIP CODE | 10g. INSIDE CITY LIMITS? |
|---|---|---|---|
| SALINE | ARKANSAS | 72022 | ☒ Yes ☐ No |

| 11. FATHER/PARENT 3 NAME PRIOR TO FIRST MARRIAGE | | 12. MOTHER/PARENT 2 NAME PRIOR TO FIRST MARRIAGE |
|---|---|---|
| MARLON LANEIR WATKINS SR. | | CHILANDRA KAY FARMER |

13. PLACE OF DEATH (CHECK ONLY ONE)
IF DEATH OCCURRED IN A HOSPITAL: ☐ Inpatient ☐ ER/Outpatient ☐ DOA
IF DEATH OCCURRED SOMEWHERE OTHER THAN A HOSPITAL: ☐ Hospice Facility ☒ Nursing Home ☐ Decedent's Home ☐ Other (Specify)

| 14. COUNTY OF DEATH | 15. CITY/TOWN, ZIP (If OUTSIDE CITY LIMITS, GIVE PRECINCT NO) | 16. FACILITY NAME (if not institution, give street address) |
|---|---|---|
| HARRIS | PRECINCT 5, 77494 | MEMORIAL HERMANN KATY HOSPITAL |

| 17. INFORMANT'S NAME & RELATIONSHIP TO DECEASED | 18. MAILING ADDRESS OF INFORMANT (Street and Number, City, State, Zip Code) |
|---|---|
| CHILANDRA YANDY - MOTHER | 1005 SILVER CREEK DR, SHERWOOD, AR 72120 |

| 19. METHOD OF DISPOSITION | 20. SIGNATURE AND LICENSE NUMBER OF FUNERAL DIRECTOR OR PERSON ACTING AS SUCH | 21. Unkwn |
|---|---|---|
| ☐ Burial ☐ Cremation ☐ Donation ☐ Entombment ☐ Removed from state ☐ Mausoleum ☐ Other (Specify) | ROBERT DAVIS BY ELECTRONIC SIGNATURE — 06781 | Section Block Lot Space |

| 22. PLACE OF DISPOSITION (Name of cemetery, crematory, other place) | 23. LOCATION (City/Town, and State) |
|---|---|
| ARKANSAS MEMORIAL GARDEN | NORTH LITTLE ROCK, AR |

| 24. NAME OF FUNERAL FACILITY | 25. COMPLETE ADDRESS OF FUNERAL FACILITY (Street and Number, City, State, Zip Code) |
|---|---|
| KIRK MORTUARY SERVICE | 2317 AIRLINE DR, HOUSTON, TX 77009 |

26. CERTIFIER (Check only one)
☐ Certifying physician-To the best of my knowledge, death occurred due to the cause(s) and manner stated.
☒ Medical Examiner/Justice of the Peace - On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date and place, and due to the cause(s) and manner stated.

| 27. SIGNATURE OF CERTIFIER | 28. DATE CERTIFIED (mm-dd-yyyy) | 29. LICENSE NUMBER | 30. TIME OF DEATH (Actual or presumed) |
|---|---|---|---|
| MARIANNE E. BEYNON, M.D. BY ELECTRONIC SIGNATURE | MARCH 28, 2021 | S1788 | 01:44 PM |

| 31. PRINTED NAME, ADDRESS OF CERTIFIER (Street and Number, City, State, Zip Code) | 32. TITLE OF CERTIFIER |
|---|---|
| MARIANNE E. BEYNON, M.D. 1681 OLD SPANISH TRAIL, HOUSTON, TX 77054 | ASST. M.E. |

33. PART 1. ENTER THE CHAIN OF EVENTS - DISEASES, INJURIES, OR COMPLICATIONS - THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. DO NOT ABBREVIATE. ENTER ONLY ONE CAUSE ON EACH LINE.

IMMEDIATE CAUSE (Final disease or condition resulting in death) a. PENDING

| 34. WAS AN AUTOPSY PERFORMED? ☒ Yes ☐ No |
|---|
| 35. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? ☐ Yes ☐ No |

PART 2. ENTER OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART 1.

| 36. MANNER OF DEATH | 37. DID TOBACCO USE CONTRIBUTE TO DEATH? | 38. IF FEMALE: | 39. TRANSPORTATION INJURY, SPECIFY |
|---|---|---|---|
| ☒ Natural ☐ Accident ☐ Suicide ☐ Homicide ☐ Pending Investigation ☐ Could not be determined | ☐ Yes ☒ No ☐ Probably ☐ Unknown | ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to one year before death ☐ Unknown if pregnant within the past year | ☐ Driver/Operator ☐ Passenger ☐ Pedestrian ☐ Other (Specify) |

| 40a. DATE OF INJURY (mm-dd-yyyy) | 40b. TIME OF INJURY | 40c. INJURY AT WORK? ☐ Yes ☐ No | 40d. PLACE OF INJURY (e.g. Decedent's home, construction site, restaurant, wooded area) |
|---|---|---|---|

| 40e. LOCATION (Street and Number, City, State, Zip Code) | 40f. COUNTY OF INJURY |
|---|---|

41. DESCRIBE HOW INJURY OCCURRED

| 42a. REGISTRAR FILE NO. | 42b. DATE RECEIVED BY LOCAL REGISTRAR | 42c. REGISTRAR - CITY OF HOUSTON, ELECTRONICALLY FILED |
|---|---|---|
| 02007784 | APRIL 2, 2021 | |

---

## AMENDMENT TO MEDICAL CERTIFICATION OF CERTIFICATE OF DEATH

**STATE OF TEXAS** — **STATE FILE NUMBER** 142-21-068338

ENTER NAME OF DECEASED AND PLACE OF DEATH EXACTLY AS SHOWN ON ORIGINAL DEATH CERTIFICATE

| NAME OF DECEASED | DATE OF DEATH |
|---|---|
| MARLON LANEIR WATKINS JR. | MARCH 24, 2021 |

| PLACE OF DEATH (City or Town and County) | IS THE DATE OF DEATH BEING CORRECTED? |
|---|---|
| PRECINCT 5 HARRIS | ☐ Yes ☒ No |

26. CERTIFIER (Check only one)
☐ Certifying Physician -To the best of my knowledge, death occurred due to the cause(s) and manner stated.
☒ Medical Examiner/Justice of the Peace - On the basis of examination, and/or investigation, in my opinion, death occurred at the time, date and place, and due to the cause(s) and manner stated.

| 27. SIGNATURE OF CERTIFIER | 28. DATE CERTIFIED (mm-dd-yyyy) | 29. LICENSE NUMBER | 30. TIME OF DEATH (Actual or presumed) | 32. TITLE OF CERTIFIER |
|---|---|---|---|---|
| MARIANNE E. BEYNON, M.D. BY ELECTRONIC SIGNATURE | JUNE 23, 2021 | S1788 | 01:44 PM | ASST. M.E. |

| 31. PRINTED NAME, ADDRESS OF CERTIFIER (Street and Number, City, State, Zip Code) |
|---|
| MARIANNE E. BEYNON, M.D. 1681 OLD SPANISH TRAIL, HOUSTON, TX 77054 |

33. PART 1. ENTER THE CHAIN OF EVENTS - DISEASES, INJURIES, OR COMPLICATIONS - THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. DO NOT ABBREVIATE. ENTER ONLY ONE CAUSE ON EACH.

IMMEDIATE CAUSE (Final disease or condition resulting in death) a. MULTIPLE BLUNT FORCE INJURIES

| 34. WAS AN AUTOPSY PERFORMED? ☒ Yes ☐ No |
|---|
| 35. WERE AUTOPSY FINDINGS AVAILABLE TO COMPLETE THE CAUSE OF DEATH? ☒ Yes ☐ No |

PART 2. ENTER OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART 1.

| 36. MANNER OF DEATH | 37. DID TOBACCO CONTRIBUTE TO DEATH? | 38. IF FEMALE: | 39. TRANSPORTATION INJURY, SPECIFY |
|---|---|---|---|
| ☐ Natural ☒ Accident ☐ Suicide ☐ Homicide ☐ Pending Investigation ☐ Could Not Be Determined | ☐ Yes ☒ No ☐ Previously ☐ Probably ☐ Unknown | ☐ Not pregnant within past year ☐ Pregnant at time of death ☐ Not pregnant, but pregnant within 42 days of death ☐ Not pregnant, but pregnant 43 days to 1 year before death ☐ Unknown if pregnant within the past year | ☐ Driver/Operator ☐ Passenger ☒ Pedestrian ☐ Other (Specify) |

| 40a. DATE OF INJURY (mm-dd-yyyy) | 40b. TIME OF INJURY | 40c. INJURY AT WORK? ☐ Yes ☐ No | 40d. PLACE OF INJURY (e.g. Decedent's home, construction site, restaurant, wooded area) |
|---|---|---|---|
| MARCH 24, 2021 | 01:01 PM | | ROADWAY |

| 40e. LOCATION (Street and Number, City, State, Zip Code) | 40f. COUNTY OF INJURY |
|---|---|
| 8700 BLOCK OF GREENHOUSE ROAD, PRECINCT 5, TX 77449 | HARRIS |

41. DESCRIBE HOW INJURY OCCURRED
PEDESTRIAN STRUCK BY A REPORT UTILITY VEHICLE WHILE RUNNING FROM LAW ENFORCEMENT

| 42a. REGISTRAR FILE NO. | 42b. DATE FILED | 42c. STATE REGISTRAR |
|---|---|---|
| 02007784 | JUNE 23, 2021 | |

---



This is a true and correct copy of the record as registered in the State of Texas. Issued under the authority of Section 191.051, Health and Safety Code.

S. Kellen Sweny
Local Registrar

ISSUED **JUL 0 8 2021**

WARNING: THIS DOCUMENT HAS A DARK BLUE BORDER AND A COLORED BACKGROUND

EXHIBIT



## Superior Funeral Sevices

**5017 East Broadway, North Little Rock, AR 72117 (501) 945-9922**

SERVICE      2021

NAME:      Marlon Watkins

DATE OF DEATH:      3/24/2021      PLACE OF DEATH:      Houston TX

Charges are only for those items that you have selected or that are required. If we are required by law or by a cemetery
to use any items, we will explain the reasons in writing below. If you have selected a funeral that may require embalming
such as a funeral with viewing. You may have to pay for embalming.

You do not have to pay for embalming, if you did not approve or you have selected arrangements such as a
direct cremation or immediate burial. If you are charged for embalming, we will explain why below.

### STATEMENT OF FUNERAL GOODS AND SERVICES SELECTED

**A. CHARGES FOR SERVICES**

| | |
|---|---|
| 1. Professional Services: | $2,195.00 |
| Funeral Director & Staff | |
| Embalming | |
| Other Care of Remains | $175.00 |
| **SUBTOTAL** | **$2,370.00** |
| 2. Facilities & Equipment: | |
| Facilities For Viewing | $150.00 |
| Funeral Ceremony at Church/Chapel | $150.00 |
| Memorial Ceremony at Chapel | |
| Graveside Services | |
| **SUBTOTAL** | **$300.00** |
| 3. Automotive Equipment: | |
| Transfer of Remains to F.H. | $797.19 |
| Funeral Home (Hearse) | $360.00 |
| Family Limousine | 1 included |
| Additional Limousine ( X-Limo) | $0.00 |
| **SUBTOTAL** | **$1,147.19** |
| **TOTAL** | **$3,817.19** |

**B. CHARGES FOR MERCHANDISE:**

| | |
|---|---|
| Casket      20 Guage | $1,295.00 |
| Outer Container | |
| Casket (head panal) | |
| URN & | |
| Wearing Apparel | |
| Shipping Container | |
| Headstone | |
| Temporary Gravemarker | |
| **TOTAL** | **$1,295.00** |

**C. SPECIAL CHARGES:**

| | | |
|---|---|---|
| Forwarding of Remains to register book | | $45.00 |
| Receiving of Remains from Hospital | | $1,561.00 |
| Immediate Burial | | |
| Direct Cremation | | |
| | | **$1,606.00** |

**D. CASH ADVANCES:**

| | | |
|---|---|---|
| Newspaper | | $95.00 |
| Programs | 200 bklets @ | $470.00 |
| CEMETERY | AMG | $1,295.00 |
| Casket Spray | | $300.00 |
| Escort | | |
| Death Certificate | 4@ | $41 |
| | **TOTAL** | **$2,201.00** |

| | |
|---|---|
| A. Charges For Services | $3,817.19 |
| B. Charges For Merchandise | $1,295.00 |
| C. Special Charges | $1,606.00 |
| D. Cash Advances | $2,201.00 |
| **CHARGES BEFORE TAX** | **$8,919.19** |
| E. Sale Tax | $53.00 |
| Total Funeral Home Charges | **$8,972.19** |

**LESS CREDIT AND PREPAYMENT:**

| | |
|---|---|
| Service Discount | |
| Burial Insurance | |
| Life Insurance | |
| Down Payment | |
| Total Credit | $0.00 |
| **Balance Due** | **$8,972.19** |

Reason for Embalming      viewing

X_____      Relationship to Deceased_____



| 1 MHHS SOUTHWEST HOSPITAL 7600 BEECHNUT HOUSTON TX 770744302 7133385502 | 2 MHHS SOUTHWEST HOSPITAL P O BOX 301208 DALLAS TX 753031208 | | 3a PAT. CNTL # 02328970BSW | | | | | 4 TYPE OF BILL 131 |
|---|---|---|---|---|---|---|---|---|
| | | | b. MED. REC. # 0468180717500BSW | | | | | |
| | | | 5 FED. TAX NO. 741152597 | 6 STATEMENT COVERS PERIOD FROM 021220 THROUGH 021220 | | | | 7 SUX |
| 8 PATIENT NAME a | | 9 PATIENT ADDRESS a APT 602 11355 RICHMOND AVE | | | | | | |
| b WATKINS, MARLON | | b HOUSTON | | | c TX | d 77082 | | e USA |
| 10 BIRTHDATE 09061990 | 11 SEX M | 12 DATE | ADMISSION 13 HR 14 TYPE 1 1 | 15 SRC 1 | 16 DHR 01 | 17 STAT 09 | CONDITION CODES 18 19 20 21 22 23 24 25 26 27 28 | 29 ACDT STATE | 30 |

| 31 OCCURRENCE CODE DATE | 32 OCCURRENCE CODE DATE | 33 OCCURRENCE CODE DATE | 34 OCCURRENCE CODE DATE | 35 OCCURRENCE SPAN CODE FROM THROUGH | 36 OCCURRENCE SPAN CODE FROM THROUGH | 37 |
|---|---|---|---|---|---|---|
| 11 021220 | | | | | | ER HX |

| 38 | | 39 VALUE CODES CODE AMOUNT | 40 VALUE CODES CODE AMOUNT | 41 VALUE CODES CODE AMOUNT |
|---|---|---|---|---|
| SUPERIOR HP AMBETTER PO BOX 5010 FARMINGTON, MO 636405010 | a b c d | | | |

| 42 REV. CD. | 43 DESCRIPTION | 44 HCPCS / RATE / HIPPS CODE | 45 SERV. DATE | 46 SERV. UNITS | 47 TOTAL CHARGES | 48 NON-COVERED CHARGES | 49 |
|---|---|---|---|---|---|---|---|
| 0250 | PHARMACY | | 021220 | 5 | 19 00 | | 1 |
| 0306 | LAB/BACT-MICRO | 87086 | 021220 | 1 | 224 75 | | 2 |
| 0306 | LAB/BACT-MICRO | 87491 | 021220 | 1 | 293 75 | | 3 |
| 0306 | LAB/BACT-MICRO | 87591 | 021220 | 1 | 272 25 | | 4 |
| 0307 | LAB/UROLOGY | 81001 | 021220 | 1 | 212 75 | | 5 |
| 0450 | EMERGENCY ROOM | 96372 | 021220 | 1 | 331 75 | | 6 |
| 0450 | EMERGENCY ROOM | 9928425 | 021220 | 1 | 2608 75 | | 7 |
| 0636 | N400781320695UN1 | J0696 | 021220 | 1 | 12 00 | | 8 |
| | | | | | | | 9 |
| | | | | | | | 10 |
| | | | | | | | 11 |
| | | | | | | | 12 |
| | | | | | | | 13 |
| | | | | | | | 14 |
| | | | | | | | 15 |
| | | | | | | | 16 |
| | | | | | | | 17 |
| | | | | | | | 18 |
| | | | | | | | 19 |
| | | | | | | | 20 |
| | | | | | | | 21 |
| | | | | | | | 22 |
| 0001 | PAGE 1 OF 1 | CREATION DATE 021920 | TOTALS | | 3975 00 | | 23 |

| 50 PAYER NAME | 51 HEALTH PLAN ID | 52 REL INFO | 53 ASG BEN | 54 PRIOR PAYMENTS | 55 EST. AMOUNT DUE | 56 NPI 1730132234 |
|---|---|---|---|---|---|---|
| SUX SUPERIOR HP AMBETT | | Y | Y | | | 57 450184 OTHER |
| | | | | | | PRV ID |

| 58 INSURED'S NAME | 59 P.REL | 60 INSURED'S UNIQUE ID | 61 GROUP NAME | 62 INSURANCE GROUP NO. |
|---|---|---|---|---|
| WATKINS, MARLON | 18 | 429791487 | | |

| 63 TREATMENT AUTHORIZATION CODES | 64 DOCUMENT CONTROL NUMBER | 65 EMPLOYER NAME |
|---|---|---|
| | | |

| 66 DX 0 | N341 | | | | | | 67 | | |
|---|---|---|---|---|---|---|---|---|---|
| 68 ADMIT DX | 70 PATIENT REASON DX N341 | | 71 PPS CODE | 72 ECI | E | | | 73 | |
| 74 PRINCIPAL PROCEDURE CODE DATE | a. OTHER PROCEDURE CODE DATE | b. OTHER PROCEDURE CODE DATE | | 76 ATTENDING NPI 1669797619 QUAL LAST LARKIN FIRST JOHN | | | | | |
| c. OTHER PROCEDURE CODE DATE | d. OTHER PROCEDURE CODE DATE | e. OTHER PROCEDURE CODE DATE | | 77 OPERATING NPI 1669797619 QUAL LAST LARKIN FIRST JOHN | | | | | |
| 80 REMARKS | 81CC a BB282N00000X b c d | | | 78 OTHER NPI QUAL LAST FIRST | | | | | |
| | | | | 79 OTHER NPI QUAL LAST FIRST | | | | | |

UB-04 CMS-1450     APPROVED OMB NO. 0938-0997     NUBC National Uniform Billing Committee     THE CERTIFICATIONS ON THE REVERSE APPLY TO THIS BILL AND ARE MADE A PART HEREOF


**MEMORIAL HERMANN**

| | Release of Information - Billing Department | | |
| --- | --- | --- | --- |
| | Tax Id#: 74-1152597 | Invoice Date: | 06/02/2021 |
| | www.memorialhermann.org/mhrelease | MHR No: | 793220 |
| | | Portal Code: | XQTUN53D |

CHILANDA K YANCY
1006 SILVER CREEK DR, SHERWOOD ARKANSAS 72120

<u>Records will be shipped to:</u>

CHILANDA K YANCY
1006 SILVER CREEK DR, SHERWOOD ARKANSAS 72120

**Patient Name:** WATKINS, MARLON  **Patient DOB:** 09/06/1990
**Dates of Service:** 03/24/2021 to 03/24/2021  **Claim No:**

| Description | Quantity | Units ($) | Amount ($) |
| --- | --- | --- | --- |
| Patient access charge: 1 page- paper | 1 | 6.5000 | 6.50 |
| USPS Cardboard Envelope | 1 | 0.6700 | 0.67 |
| | **Total** | | **7.17** |
| | Less: Payments | | 7.17 |
| | **Outstanding Amount** | | **0.00** |

✂ - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Please return this portion of the invoice with payment.**
To make a credit card payment access the requestor portal @
www.memorialhermann.org/mhrelease
Please allow 3 hours for updates to the portal
$35 Fee for all returned checks.

| MHR No: | 793220 |
| --- | --- |
| Amount Due: | $0.00 |
| Amount Paid: | |
| Check No: | |

**Memorial Hermann Health System**
**Release of Information - Billing Department**
**7737 SW Fwy. C-94**
**Houston TX 77074**